| |
|:---:|
| **Blue Ribbon Bags, LLC v LBF Travel, Inc.** |
| 2024 NY Slip Op 32633(U) |
| July 30, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 653411/2020 |
| Judge: Andrew Borrok |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: COMMERCIAL DIVISION PART 53

---------------------------------------------------------------------------------X

BLUE RIBBON BAGS, LLC

                             Plaintiff,

              - v -

LBF TRAVEL, INC.,

                         Defendant.

---------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 653411/2020 |
| **MOTION DATE** | 05/22/2024, 06/10/2024 |
| **MOTION SEQ. NO.** | 007 008 |

**DECISION + ORDER ON MOTION**

HON. ANDREW BORROK:

The following e-filed documents, listed by NYSCEF document number (Motion 007) 222, 223, 224, 225, 226, 227, 228, 229, 230, 232, 233, 234, 263, 264, 265, 266, 267, 268, 269
were read on this motion to/for      RENEW/REARGUE/RESETTLE/RECONSIDER     .

The following e-filed documents, listed by NYSCEF document number (Motion 008) 235, 236, 237, 238, 239, 240, 241, 242, 243, 244, 245, 246, 247, 248, 249, 250, 251, 252, 253, 254, 255, 256, 257, 258, 259, 260, 261, 262
were read on this motion to/for           STRIKE PLEADINGS         .

Upon the foregoing documents and as discussed on the record (*tr.* 7.30.24), the plaintiff's motion to compel (Mtn. Seq. No. 007) is withdrawn without prejudice because the former owner and parent company of LBF, Mondee Holdings, Inc. (**Mondee**), has indicated that it intends to produce the requested documents pursuant to the subpoena that the plaintiff served.

As discussed (*tr.* 7.30.24), the Court notes that the defendant however is not correct that from the time that they reasonably anticipated litigation that there is no obligation to collect and preserve all relevant documents related to its revenue generation based on the BRB software. It is wholly irrelevant that the revenue was to be reported on its affiliates financial statements or that it was an "S" corporation for tax purposes. It can not avoid its obligation merely by saying the records

**653411/2020   BLUE RIBBON BAGS, LLC vs. LBF TRAVEL, INC.**
**Motion No.  007 008**

                **Page 1 of 5**

related to its revenue (which is at issue in this case) were kept by its then affiliate, Mondee, and that after the time that the litigation hold was required to be in place, the affiliate divested itself of its interest in the defendant company and, as such, it had no duty of collection and preservation of books and records of where its revenue was being recorded.

Putting that aside, if Mondee fails to produce the relevant documents by August 16, 2024, the plaintiff shall move no later than August 23, 2024 by order to show cause seeking to compel Mondee to produce such documents and as to any appropriate relief as against the defendant.

As discussed on the record, much of the defendant's motion (Mtn. Seq. No. 008) is rendered moot by the plaintiff's withdrawal with prejudice of its claims predicated on (i) unfair competition and (ii) consequential damages, including, without limitation, its claims for lost profits and reputational harm. The defendant's motion is otherwise granted to the extent that:

1. Request 1: The defendant is entitled to know whether all documents that Mr. Menkin reviewed prior to his deposition were turned over in document production. The plaintiff, having indicated on the record that all such documents were turned over previously (*tr.* 7.30.24) shall send a written response to that effect. For the avoidance of doubt, the plaintiff does not need to reveal work product or other privileged information in its response.

2. Requests 2 and 15: The parties agreed that the plaintiff would produce relevant documents on an attorneys' and experts eyes only basis to address their concerns as to this allegedly sensitive competitive information.

**653411/2020   BLUE RIBBON BAGS, LLC vs. LBF TRAVEL, INC.**
**Motion No.  007 008**

**Page 2 of 5**

2 of 5

3. Requests 3, 7, & 9:  With the claims dismissed with prejudice, this is a straightforward breach of contract and accounting case. How the plaintiff performed or did not perform with other customers is satellite to this dispute.

4. Requests 8 & 10:  The plaintiff shall produce responsive non-privileged documents or a Jackson Affidavit indicating that no such documents exist.

5. Requests 11, 12, 14:  The plaintiff shall produce responsive non-privileged documents solely related to its actual damages within 7 days receipt of documents from Mondee (the defendant's former affiliate).  The balance of the requests are no longer relevant to the issues in this case as these other documents are only related to the claims which have now been dismissed with prejudice.

6. Request 13: The plaintiff shall produce a Jackson affidavit that no such documents exists and confirming that Blue Ribbon is not an insurance company.

For the avoidance of doubt, the defendant is not entitled to sanction on the record before the Court.  For starters, lawyers representing the plaintiff left the firm and the plaintiff's counsel has had to adjust accordingly. Equally importantly, there really is no prejudice on this record as the plaintiff has dismissed with prejudice the claims as to which most of the documents relate.  As to the actual damages documents which are at issue in this case, many of these documents come from Mondee, a third party, and former affiliate of the defendant.

The plaintiff shall order a copy of the transcript and shall upload the same to NYSCEF.

The Court has considered the parties' remaining arguments and finds them unavailing.

**653411/2020   BLUE RIBBON BAGS, LLC vs. LBF TRAVEL, INC.**
**Motion No.  007 008**

**Page 3 of 5**

[* 3]

[* 4]

Accordingly, it is hereby

ORDERED that the plaintiff's motion (Mtn. Seq. No. 007) is withdrawn without prejudice; and it is further

ORDERED that the plaintiff shall bring any order to show cause seeking to compel third-party disclosure on or before August 23, 2024;

ORDERED that expert reports shall be exchanged September 30, 2024; and it is further

ORDERED that the defendant shall have until October 15, 2024, to submit a revised rebuttal report; and it is further

ORDERED that expert depositions shall be completed on or before November 27, 2024; and it is further

ORDERED that NOI shall be filed on or before December 13, 2024; and it is further

ORDERED that dispositive motions shall be filed within 30 days of NOI; and it is further

ORDERED that the defendant's motion (Mtn. Seq. No. 008) is granted solely to the extent set forth in this Decision and Order.

**653411/2020   BLUE RIBBON BAGS, LLC vs. LBF TRAVEL, INC.**
**Motion No.  007 008**

**Page 4 of 5**

4 of 5

SC: October 15, 2024 @ 11:30 am; the Parties shall provide an expert deposition schedule

20240730142628AB0RR0K919545CB6DAF14ADB8A58A0E18EEF539

| 7/30/2024 | |
|---|---|
| **DATE** | **ANDREW BORROK, J.S.C.** |

CHECK ONE:    [ ] CASE DISPOSED    [X] NON-FINAL DISPOSITION

[ ] GRANTED    [ ] DENIED    [X] GRANTED IN PART    [ ] OTHER

APPLICATION:    [ ] SETTLE ORDER    [ ] SUBMIT ORDER

CHECK IF APPROPRIATE:    [ ] INCLUDES TRANSFER/REASSIGN    [ ] FIDUCIARY APPOINTMENT    [ ] REFERENCE

**653411/2020   BLUE RIBBON BAGS, LLC vs. LBF TRAVEL, INC.**      **Page 5 of 5**
**Motion No. 007 008**

5 of 5